UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

ROBERT LEE BAILEY,                                    Civil No. 12-78 (DWF/LIB)

          Petitioner,

     v.                                                **REPORT AND RECOMMENDATION**

UNITED STATES OF AMERICA,

          Respondent.

      This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241.  The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I.    BACKGROUND

      In 2003, federal criminal charges were filed against Petitioner here in the District of Minnesota.  United States v. Bailey, Crim. No. 03-370 (ADM/AJB) [hereafter "the 03-370 case"].  Following a jury trial, Petitioner was convicted on two counts of interstate transportation of a person to engage in prostitution and one count of possessing a firearm

---

      [1]  Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241.  Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at *2; Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

while a felon.  He was sentenced to 140 months in prison, and he is still serving his sentence at this time.[4]

After Petitioner was convicted and sentenced, he filed a direct appeal.  The Eighth Circuit Court of Appeals affirmed Petitioner's conviction, but remanded the case for re-sentencing.  United States v. Bailey, 142 Fed.Appx. 947 (8th Cir. 2005) (unpublished opinion).  On remand, the trial court judge re-imposed the same prison term, (140 months), and that new sentence was later upheld by the Eighth Circuit.  United States v. Bailey, 206 Fed.Appx. 650 (8th Cir. 2006) (unpublished opinion), cert. denied, 550 U.S. 978 (2007).  Petitioner later attempted to challenge his sentence once again by filing a post-conviction motion under 28 U.S.C. § 2255, but that motion was denied.[5]

In July 2009, Petitioner filed a motion in his criminal case, (the 03-370 case), seeking the return of certain personal property that was seized by law enforcement officials at or near the time of Petitioner's apprehension.  Petitioner's motion was brought under Fed. R. Crim. P. 41(g).[6]  The property at issue apparently included more than $2000 in cash, some

---

[4]   Petitioner has indicated that he expects to be released from his federal prison sentence in 2013. (Petition, p. 3, § 9.(a).)  It appears, however, that Petitioner is presently being detained by the United States Marshal, (rather than the Federal Bureau of Prisons), in order to facilitate his attendance at a recent evidentiary hearing in the 03-370 case.  Petitioner represents that he is currently being held at the Sherburne County Jail in Elk River, Minnesota, and thus it appears that he properly filed his current habeas corpus petition in this District.

[5]   The trial court's ruling on Petitioner's § 2255 motion is reported at 2008 WL 190378.  That ruling was followed by various unsuccessful motions for reconsideration, and various unsuccessful attempts to appeal, but none of those proceedings has any bearing on the current habeas corpus petition.

[6]   Rule 41(g) provides that –

"A person aggrieved by an unlawful search and seizure of property or by the

electronic equipment, and other personal items.  The trial court ordered the Government

to return some property to Petitioner, but not everything, so Petitioner then filed another

appeal.  The Court of Appeals remanded the case, and directed the trial court to conduct

an evidentiary hearing to determine what happened to some of Petitioner's property –

specifically, "the currency, blue cell phone, wallet, and 'Promotion Piece.'"  United States

v. Bailey  407 Fed.Appx. 74, 76 (8th Cir. 2011) (unpublished opinion).

After Petitioner's Rule 41(g) motion was returned to the trial court, the Government

acknowledged that some of the property that Petitioner was seeking to recover had been

lost.[7]  Based on that admission, Petitioner now seeks a writ of habeas corpus that would

excuse him from serving the balance of his prison sentence in the 03-370 case.

Petitioner contends that the Government's loss of his personal property constitutes

a second "punishment" for his conviction in the 03-370 case.  He further contends that this

so-called  second  punishment  violates  the  double  jeopardy  clause  of  the  federal

---

deprivation of property may move for the property's return.  The motion must
be filed in the district where the property was seized.  The court must receive
evidence on any factual issue necessary to decide the motion.  If it grants the
motion, the court must return the property to the movant, but may impose
reasonable conditions to protect access to the property and its use in later
proceedings."

[7] On December 16, 2011, the Government filed a memorandum in the 03-370 case,
(Docket No. 179), which stated (at p. 1) that:

"After conducting a detailed factual investigation regarding Defendant's Rule
41 Motion, the United States has concluded, and concedes, that the property
Defendant requests to be returned has been lost."

The record in the 03-370 case shows that the trial court conducted an evidentiary
hearing on January 10, 2012.  After that hearing, the trial court entered an order, (Docket
No. 183), which confirms that the Government lost the property at issue.

3

Constitution.  Finally, Petitioner contends that the proper remedy for the alleged double jeopardy violation is to immediately terminate the 140-month prison sentence imposed in the 03-370 case, and release him from custody forthwith.  (Petition, [Docket No. 1], p.3, § 9(a).)  This argument is patently frivolous.

## II.    DISCUSSION

> "The Double Jeopardy Clause provides that no 'person [shall] be subject for the same offence to be twice put in jeopardy of life or limb.'... The Clause protects only against the imposition of multiple <u>criminal punishments</u> for the same offense...."

Hudson v. United States, 522 U.S. 93, 98-99 (1997), citing Helvering v. Mitchell, 303 U.S. 391, 399 (1938) (emphasis added).  Only a "criminal punishment" subjects a criminal defendant to "jeopardy" for purposes of the double jeopardy clause.  United States ex rel. Marcus v. Hess, 317 U.S. 537, 548-49 (1943).  Therefore, Petitioner does not have a colorable double jeopardy claim unless he was given a second "criminal punishment" – i.e., another sanction imposed as punishment for his crimes.

Here, Petitioner's property was not deliberately taken from him in order to punish him for his crimes; the property was simply lost.  The inadvertent loss of Petitioner's personal property cannot possibly be viewed as a "criminal punishment" in any sense – and certainly not for double jeopardy purposes.  Because the accidental loss of Petitioner's property is not a "criminal punishment," his double jeopardy claim plainly has no merit.  The Court will therefore recommend that this action be summarily dismissed.

## III.   RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241, (Docket No. 1), be summarily **DISMISSED**.

Dated: January 12, 2012

s/Leo I. Brisbois
LEO I. BRISBOIS
United States Magistrate Judge

## N O T I C E

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by January 26, 2012**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof.  Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.